IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE ROBERTS, | ) | HON. |
| Plaintiff, | ) | HON. |
| | ) | |
| v. | ) | No. 15-cv-8049 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| R. ADAMS (Star #11786), | ) | |
| T. HALL (Star #5575), | ) | |
| P. CORSO (Star #12158), | ) | |
| B. ELLISON (Star #12599), | ) | |
| M. MURPHY (Star #15504), and | ) | |
| E. MARTINEZ (Star #17750), and | ) | |
| UNKNOWN POLICE OFFICER, | ) | |
| Defendants. | ) | Jury Trial Demanded |

## Complaint

NOW COMES Plaintiff, GEORGE ROBERTS ("Roberts" or "Plaintiff"), by his attorney, Timothy J. Fiscella, and complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS R. ADAMS (Star #11786) ("Defendant Adams" or "Officer Adams"), T. HALL (Star #5575) ("Defendant Hall" or "Officer Hall"), P. CORSO (Star #12158) ("Defendant Corso" or "Officer Corso"), B. ELLISON (Star #12599) ("Defendant Ellison" or "Officer Ellison"), M. MURPHY (Star #15504) ("Defendant Murphy" or "Officer Murphy"), E. MARTINEZ (Star #17750) ("Defendant Martinez" or "Officer Martinez") , and an

1

UNKNOWN CHICAGO POLICE OFFICER ("referred to as "Unknown Officer") (referred to collectively as "Defendant Officers"), and states as follows:

## Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## Parties

4. Plaintiff, George Roberts, is 51 years old. He is and has been at all times relevant to this Complaint employed by the Independent Police Review Authority ("IPRA") as a Supervising Investigator. He is a resident of Chicago, Illinois, within the Northern District of Illinois, Eastern Division.

5. On information and belief, all Defendant Officers are and were at the time of the events complained of herein employed by the City of Chicago as Police Officers.

6. City of Chicago is a municipal corporation within the Northern District of Illinois.

7. At all times material to this Complaint, the Defendant Officers were acting under color of state law, ordinance, and/or regulation, statutes, custom, and usage of City of Chicago.

## Background

8. On January 1st, 2015 around 1:30 a.m. Plaintiff was on his way home when stopped by Defendants for a minor traffic violation near 1500 East 85th Place, Chicago, Illinois.

9. Defendants approached Plaintiff's vehicle with their guns drawn and at least one officer had his weapon pointed directly at Plaintiff.

10. Plaintiff exited his vehicle as ordered and was then pushed in the back by one or more of the Defendants.

11. Plaintiff struck the ground causing injuries to his legs and knees.

12. One of the Defendants, believed to be Defendant Corso, threatened Plaintiff: "Don't make me fucking shoot you!"

13. The aforementioned conduct was wholly unnecessary and unreasonable, as Plaintiff was not threatening, resisting, or otherwise failing to comply with the Defendants' orders at this point or at any point during the stop.

14. Defendants went through Plaintiff's pockets and located his wallet which contained his driver's license and his identification as a supervising investigator with IPRA.

15. Moments later, Defendant Ellison ran back to his vehicle and turned off his vehicle's video recording equipment.

16. Up to that point, the video recording device had been properly functioning with date and time stamps clearly visible.

17. Additionally, at least two of the Defendants' vehicles were equipped with audio recording devices.

18. However, according to the Defendants, there apparently is also no audio recording of any portion of the encounter.

19. No explanation was offered for this throughout the criminal proceedings or in any of the reports generated by the Defendants.

20. When the Defendants turned off the dash camera, things got worse for Plaintiff.

21. Initially, Plaintiff, who was approximately 315 pounds at the time, was placed in a single set of handcuffs that were clearly too tight.

22. Plaintiff pleaded with Defendants to loosen the handcuffs or use multiple pairs because of his size.

23. The Defendants refused and then put Plaintiff in the back of a police vehicle.

24. While inside the squad car, Plaintiff noticed that the handcuffs kept getting tighter when he moved even slightly.

25. When Plaintiff again complained about the extreme discomfort he was feeling due to the continually tightening handcuffs, one of Defendants, believed to be Defendant Adams, leaned into the squad car and said something to the effect of: "What are you going to tell me next, you can't breathe?"

26. Plaintiff continued to plead with the Defendants to loosen the handcuffs from inside the squad car with no results.

27. Specifically, Plaintiff begged Defendants, "I'm 6'3", 315 pounds, these handcuffs are too tight!"

28. Defendant, believed to be Officer Adams, replied: "That's your fault!"

29. The other Defendants laughed at Defendant Adams' comment and took no action to loosen or adjust the handcuffs.

30. Eventually, Defendants, apparently annoyed by Plaintiff's numerous complaints of discomfort, removed him from the squad car.

31. Plaintiff was then taken to the ground again so violently he lost control of his bowels.

32. He was eventually taken back to the District 4 lockup where he remained in his soiled clothes overnight.

33. While in the cell in his soiled clothes, Plaintiff asked numerous times to speak to a supervisor to report the Defendants misconduct, the injuries they had caused him, and to make necessary notifications of his arrest.

34. He was never allowed to speak a supervisor or report the Defendants' misconduct.

35. However, at one point during the night, an Unknown Chicago Police Officer, believed to be a supervisor and wearing a white Chicago Police uniform shirt, did look into Plaintiff's cell, laugh at him, and then walk away.

36. Plaintiff was eventually given tickets for multiples minor moving violations and a charge of driving under the influence.

37. The tickets issued to Plaintiff had a box to indicate whether the incident(s) were video recorded.

38. The Defendants did not indicate that there was video on any of the citations issued to Plaintiff despite the fact that a significant portion of

Plaintiff's driving is actually captured on the dashboard camera before it was turned off.

39. Similarly, the Defendants' also checked the "No" box when asked if the incident was video recorded on the Alcohol Influence Report.

40. The Defendants never told the prosecution about the video or the fact that they had turned it off until it was discovered by Plaintiff's criminal counsel.

41. Following a bench trial in the Circuit Court of Cook County, Plaintiff was acquitted of DUI.

## Count I
## 42 U.S.C. § 1983: False Arrest

42. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

43. As described in the preceding paragraphs, the Defendant Officers unlawfully detained and falsely arrested Plaintiff without legal justification or probable cause.

44. Defendant Officers knew that Plaintiff had not committed any crimes and still continued to effectuate the arrest, detention, and prosecution of Plaintiff for the charge.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

47. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, Plaintiff has suffered injury, including emotional distress.

## Count II
## 42 U.S.C. § 1983: Excessive Force

48. Each of the paragraphs of this Complaint is incorporated as if fully restated herein

49. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

50. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

51. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

52. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

53. As a result of the Defendant Officers' unjustified and excessive use of force Plaintiff has, as a direct and proximate cause, suffered pain and injury, including emotional distress.

## Count III
## 42 U.S.C. § 1983: Due Process/Brady Violation

54. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

55. Defendants deliberately destroyed, hid, and/or prevented the creation of impeaching and exculpatory evidence. Specifically, Defendants:

   a. Turned off the video recording equipment as referenced above;

   b. Failed to audio record any part of their encounter with Plaintiff despite being equipped with such devices;

   c. Generated an Alcohol Influence Report which falsely indicated that the incident was not video recorded;

   d. Generated citations which omitted the fact that a substantial portion of Plaintiff's driving and the initial part of the encounter is captured on video; and

   e. Testified falsely at hearings throughout the criminal proceedings regarding the aforementioned matters.

56. In the manner described above, Defendant Officers deprived Plaintiff of Due Process in violation of the 5th and 14th Amendments to the United States Constitution.

57. Defendant Officers' actions set forth above were so arbitrary as to shock the conscience.

58. Such violations of Plaintiff's rights were undertaken intentionally, with malice and willful indifference to Plaintiff's rights.

59. As a result of the above-described wrongful conduct, Plaintiff has suffered pain and injury, as well as emotional distress.

60. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

61. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count IV
### State Law Claim: False Imprisonment

62. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

63. Plaintiff was imprisoned by the Defendant Officers, and thereby had his liberty to move about unlawfully restrained, despite the Defendant Officers' knowledge that there was no probable cause for doing so.

64. The actions of the Defendant Officers were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

65. As a result of the wrongful infringement of Plaintiff's rights, Plaintiff has, as a direct and proximate cause, suffered injury, including emotional distress.

66. As described above, the Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, City of Chicago is liable for their actions.

## Count V
## 42 U.S.C. § 1983:  Conspiracy to Commit Constitutional Violations

67. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

68. As discussed in greater detail above, the Defendant Officers conspired with each other to cause damage to the Plaintiff by:

   a. Agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

   b. Agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct;

   c. Agreeing to generate reports and other documents which omitted material facts relating to the arrest and containing patent falsities;

    d. Agreeing to testify falsely throughout the criminal proceedings; and

    e. Agreeing to hide, destroy, and/or prevent the creation of evidence of the Constitutional violations described above and, including, stopping the video camera recording equipment during the stop; turning off/disabling all audio recording equipment; and agreeing to generate reports which falsely indicated that no video recording existed in order to cover up the above mentioned misconduct.

69. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

## Count VI
### 42 U.S.C. § 1983: Failure to Intervene

70. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

71. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

72. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

73. The Defendants' actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

74. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count VII
## State Law Claim: Malicious Prosecution

75. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

76. As described more fully above, the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Officers knew there was no probable cause, and the criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

77. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to the rights of others—specifically, the Plaintiff's.

78. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

79. Statements and reports of the Defendant Officers regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false.

80. As a result of the Defendant Officers' malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injury, including emotional distress.

## Count VIII
## State Law Claim:  Assault and Battery

81. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

82. As described more fully in the preceding paragraphs, Defendants' used unnecessary and unreasonable force against Plaintiff, which included harmful and offensive touching.

83. At that time, Plaintiff had a reasonable apprehension that he was in considerable danger and would be subjected to great bodily harm.

84. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others—specifically, the Plaintiff.

85. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their

employment, was undertaken willfully and wantonly, proximately causing Plaintiff's injuries.

## Count IX
## State Law Claim: Intentional Infliction of Emotional Distress

86. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

87. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including, but not limited to:

   a. Threatening to shoot or tase Plaintiff while pointing weapons at him without any reasonable justification;

   b. Putting him in extremely tight handcuffs that were not properly locked so that they continually got tighter and caused more and more pain and discomfort;

   c. Refused numerous requests by Plaintiff to loosen them or use two sets of handcuffs;

   d. Held Plaintiff in custody for several hours in soiled pants while at least one unknown officer walked by his cell and laughed.

88. The Defendants intended that their conduct would cause severe emotional distress to the Plaintiff and knew that there was a high probability that their conduct would cause severe emotional distress to the Plaintiff.

89. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

90. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

## Count X
## State Law Claim:  *Respondeat Superior*

91. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

92. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

93. Defendant City of Chicago is liable as principal for all torts committed by its agents when acting as its agent.

## Count XI
## State Law Claim:  Indemnification

94. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

95. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

96. The Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, GEORGE ROBERTS, respectfully request that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS R. ADAMS (Star #11786), T. HALL (Star #5575), P. CORSO (Star #12158), B. ELLISON (Star #12599), M. MURPHY (Star #15504), and E. MARTINEZ (Star #17750), awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacity, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiff, GEORGE ROBERTS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully Submitted,

    /s/ Timothy J. Fiscella
    Attorney for Plaintiff
    Law Office of Timothy J. Fiscella
    53 West Jackson, Suite 1750
    Chicago, Illinois 60604
    312-546-4885